UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEROME DAVIS, ) | CASE NO. 1:06 CV0879 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ENVIRONMENTAL PROTECTION ) | |
| AGENCY, et al., ) | |
| ) | |
| Respondents. ) | |

On April 13, 2006, pro se petitioner Jerome Davis filed the above-captioned petition for writ of mandamus against the Environmental Protection Agency (EPA), United States Senators Chuck Hagel and Ben Nelson and U.S. Representatives Tom Osborne, Fortenberry and Lee Terry.[1] Mr. Davis, who is incarcerated in a State of Nebraska correctional facility, filed this petition to compel the respondents to discharge their "function and 'get' Union Pacific Railroad Co., Gould Electronic, Aaron Ferer & Sons." (Pet. at 1.) For the reasons stated below, the petition is dismissed pursuant to 28 U.S.C. § 2243.

---

[1] The court presumes that Mr. Davis is naming Congressman Jeff Fortenberry, R-Neb.

*Background*

Mr. Davis asserts that Union Pacific Railroad Co., Gould Electronic, Aaron Ferer & Sons have been identified as "responsible parties" which were sent letters on December 16, 2004 pursuant to 42 U.S.C. § 9607(a).[2] Without providing any substantive details he adds that the EPA met with these parties on June 17, 2002, but no legal action has been taken to enforce the CERCLA, to date. He complains that Union Pacific has "defied the EPA & vowed to fight to the bitter end!" (Pet. at 1.)

Since the time a Superfund clean-up site was identified in Omaha, Nebraska, Mr. Davis claims that Senators Nelson and Hagel, as well as Representatives Osborne, Terry and Fortenberry have applied political pressure to the EPA on behalf of "U.P.R.C. Ferer & Sons to forestall E.P.A."[3] (Pet. at 1.) Mr. Davis notes, for his part, that he sued Gould Electronics in this court on January 11, 2006. Davis v. Gould Electronics, No. 1:06cv0072 (N.D. Ohio filed Jan. 11, 2006, Polster, J.) He now seeks an order compelling respondents to "(1) get U.P.R.C. Gould, Aaron Ferer, (2) stop NE. Congressional Delegation from illegally interfering as is said." (Pet. at 1.)

---

[2] The reference to 'responsible parties' may relate to these entities falling within one of four classes of persons subject to the liability provisions of Section 107(a) of the CERCLA. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1152 (9th Cir. 1989).

[3] The federal Superfund statute, more formally known as the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 or "CERCLA," Pub.L. No. 96-510, 94 Stat. 2767 (1980) (amended by the Superfund Amendments and Reauthorization Act of 1986, Pub.L. No. 99-499, 100 Stat. 1613), makes specified classes of parties--including past and present owners and operators of hazardous waste sites, transporters of hazardous substances, waste generators, and others who arrange for the disposal, treatment, or transport of hazardous substances--potentially liable for the expenses that the federal and state governments, as well as Indian tribes, incur in responding to the release of hazardous substances into the environment. See 42 U.S.C. § 9607(a)(1)- (4)(B).

*Writ of Mandamus*

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996)(quoting Pennsylvania Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985)). To establish mandamus jurisdiction, a petitioner must set forth that: (1) he has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995). Therefore, to the extent Mr. Davis can assert that a public officer refused to perform some duty he is owed by that public officer, he may have an action in mandamus. 28 U.S.C. § 1361.

It is not clear from the petition before this court what duty respondents owe to Mr. Davis, or that they have failed or refused to perform such a duty. While it is true that he filed an action in this court against Gould Electronics on January 11, 2006 seeking damages based on federal question jurisdiction, that complaint was dismissed on the merits by Judge Polster April 21, 2006 for failing to set forth a claim for relief pursuant to 28 U.S.C. §1915(e). That complaint addressed the same Superfund Site at issue in this pleading and reflected his unsuccessful attempt to recover damages from Gould as a "potentially responsible party" for his alleged exposure lead.[4] Having failed, therefore, to demonstrate a clear right to relief or a duty to act by the respondents, mandamus relief is not available.

---

[4] The appeal of Judge Polster's decision, which Mr. Davis subsequently filed on May 1, 2006, is still pending before the Sixth Circuit.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 6/22/06